1 | SEYFARTH SHAW LLP
Daniel C. Whang (SBN 223451)
2 | dwhang@seyfarth.com
Laura E. Heyne (SBN 279478)
3 | lheyne@seyfarth.com
2029 Century Park East, Suite 3500
4 | Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
5 | Facsimile:    (310) 201-5219

6 | Attorneys for Defendants
THE AMERICAN BOTTLING COMPANY;
7 | DR PEPPER/SEVEN UP, INC.; KEURIG DR
PEPPER INC.; and TAYLOR MARCUS

8

9

10 | UNITED STATES DISTRICT COURT

11 | EASTERN DISTRICT OF CALIFORNIA

12

13 | FRANCISCO BELLO, an individual and
on behalf of all others similarly situated,

Case No. _____

14 |

Plaintiff,

**DEFENDANTS' NOTICE OF
REMOVAL OF CIVIL ACTION TO
THE UNITED STATES DISTRICT
COURT**

15 |

16 | v.

17 | THE AMERICAN BOTTLING
COMPANY, a Delaware corporation;
18 | KEURIG DR PEPPER INC., a Delaware
corporation; TAYLOR MARCUS, an
19 | individual; and DOES 1 through 100,
inclusive

**[28 U.S.C. §§ 1332, 1441, AND 1446]**

[San Joaquin County Superior Court
Case No. STK-CV-UOE-2022-5279]

Complaint Filed:       June 23, 2022

20 | Defendants.

21

22

23

24

25

26

27

28

---

# TABLE OF CONTENTS

**Page**

I.    BACKGROUND ...................................................................................1

II.   TIMELINESS OF REMOVAL .............................................................1

III.  CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL ..................3

    A.    Plaintiff And Defendants Are Minimally Diverse .........................3

        1.    Plaintiff Is A Citizen Of California.....................................3

        2.    ABC and KDP Are Not Citizens Of California....................4

    B.    The Amount In Controversy Exceeds The Statutory Minimum ....6

        1.    Meal and Rest Period Claims............................................12

        2.    Waiting Time Penalties......................................................13

        3.    Wage Statement Penalties.................................................15

        4.    Approximate Aggregate Amount In Controversy ..............16

        5.    Attorneys' Fees ................................................................16

IV.   VENUE ...............................................................................................19

V.    NOTICE TO STATE COURT AND TO PLAINTIFF .........................19

VI.   PRAYER FOR REMOVAL .................................................................19

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85224182v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abrego v. Dow Chemical Co.*,
    443 F.3d 676 (9th Cir. 2006) ....................................................................... 6, 7

*Arias v. Residence Inn by Marriott*,
    936 F.3d 920 (9th Cir. 2019) ...................................................................... 8, 18

*Armstrong v. Church of Scientology Int'l*,
    243 F.3d 546 (9th Cir. 2000) ........................................................................... 4

*Arreola v. The Finish Line*,
    2014 WL 6982571 (N.D. Cal. Dec. 9, 2014) ................................................. 10

*Brady v. Mercedes-Benz USA, Inc.*,
    243 F. Supp. 2d 1004 (N.D. Cal. 2002) ........................................................ 17

*Byrd v. Masonite Corp.*,
    2016 WL 2593912 (C.D. Cal. May 5, 2016) ................................................. 15

*Campbell v. Vitran Exp., Inc.*,
    471 F. App'x 646 (9th Cir. 2012) .................................................................. 18

*Castanon v. Int'l Paper Co.*,
    2016 WL 589853 (C.D. Cal. February 11, 2016) ............................................ 4

*Caterpillar, Inc. v. Williams*,
    482 U.S. 386 (1987) ......................................................................................... 9

*Chavez v. JPMorgan Chase & Co.*,
    888 F.3d 413 (9th Cir. 2018) ......................................................................... 17

*Cicero v. DirecTV, Inc.*,
    2010 U.S. Dist. LEXIS 86920 (C.D. Cal. July 27, 2010) .............................. 18

*City of Clarksdale v. BellSouth Telecommunications, Inc.*,
    428 F.3d 206 (5th Cir. 2005) ........................................................................... 2

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85224182v.1

*Coleman v. Estes Express Lines, Inc.*,
   730 F. Supp. 2d 1141 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ........................................... 10

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   574 U.S. 81, 135 S.Ct. 547 (2014) ..................................................................... 8

*Davis v. HSBC Bank Nevada, N.A.*,
   557 F.3d 1026 (9th Cir. 2009) ............................................................................ 4

*Feao v. UFP Riverside, LLC*,
   2017 WL 2836207 (C.D. Cal. June 26, 2017) ................................................... 10

*Francisco Bello v. The American Bottling Company; Keurig Dr Pepper Inc.; Taylor Marcus; and DOES 1 through 100, inclusive*,
   Case No. STK-CV-UOE-2022-5279 ...................................................................... 1

*Franke v. Anderson Merchandisers LLC*,
   2017 WL 3224656 (C.D. Cal. July 28, 2017) ................................................... 10

*Fristoe v. Reynolds Metals Co.*,
   615 F.2d 1209 (9th Cir. 1980) ............................................................................ 6

*Fritsch v. Swift Transp. Co. of Arizona, LLC*,
   899 F.3d 785 (9th Cir. 2018) ............................................................................ 17

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) .......................................................................... 17

*Guglielmino v. McKee Foods Corp.*,
   506 F.3d 696 (9th Cir. 2007) ......................................................................... 7, 9

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ............................................................................................. 5

*Jones v. Tween Brands, Inc.*,
   2014 WL 1607636 (C.D. Cal. Apr. 22, 2014) ................................................... 11

*Kantor v. Wellesley Galleries, Inc.*,
   704 F.2d 1088 (9th Cir. 1983) ............................................................................ 3

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) .............................................................. 8

iii

85224182v.1

*Lew v. Moss*,
   797 F.2d 747 (9th Cir. 1986) ............................................................. 4

*Longmire v. HMS Host USA, Inc.*,
   2012 WL 5928485 (S.D. Cal. Nov. 26, 2012) ................................... 17

*Lucas v. Michael Kors (USA), Inc.*,
   2018 WL 2146403 (C.D. Cal. May 9, 2018) ...................................... 17

*Muniz v. Pilot Travel Ctrs. LLC*,
   2007 WL 1302504 (E.D. Cal. May 1, 2007) ........................... 8, 9, 17

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) .......................................................................... 2

*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) ........................................................ 18

*In re Quintas Secs. Litig.*,
   148 F. Supp. 2d 967 (N.D. Cal. 2001) ............................................. 18

*Ramos v. Schenker, Inc.*,
   2018 WL 5779978 (C.D. Cal. Nov. 1, 2018) ................................... 18

*Ritenour v. Carrington Mortg. Servs. LLC*,
   228 F. Supp. 3d. 1025 (C.D. Cal. 2017) .......................................... 11

*Rodriguez v. AT&T Mobility Servs. LLC*,
   728 F.3d 975 (9th Cir. 2013) ........................................................ 7, 9

*Sanchez v. Monumental Life Ins. Co.*,
   102 F.3d 398 (9th Cir. 1996) ............................................................ 7

*Schiller v. David's Bridal, Inc.*,
   2010 WL 2793650 (E.D. Cal. July 14, 2010) .................................... 8

*Soliman v. Philip Morris, Inc.*,
   311 F. 3d 966 (9th Cir. 2002) .......................................................... 6

*Soratorio v. Tesoro Ref. and Mktg. Co., LLC*,
   2017 WL 1520416 (C.D. Cal. Apr. 26, 2017) ............................. 9, 11

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) .......................................................................... 7

iv

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) ........................................................ 4

*Tajonar v. Echosphere*,
  LLC, 2015 WL 4064642 (S.D. Cal. July 2, 2015) ........................ 15

*Torrez v. Freedom Mortg., Corp.*,
  2017 WL 2713400 (C.D. Cal. June 22, 2017) ............................. 10

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) ................................................. 8, 9

*Wheatley v. MasterBrand Cabinets*,
  2019 WL 688209 (C.D. Cal. Feb. 19, 2019) ............................. 9, 18

*Wren v. RGIS Inventory Specialists*,
  2011 U.S. Dist. LEXIS 38667 (N.D. Cal. Apr. 1, 2011) ............... 18

*Zavala v. Deutsche Bank Trust Co. Americas*,
  2013 WL 3474760 (N.D. Cal. July 10, 2013) ............................... 4

**State Cases**

*Caliber Bodyworks, Inc. v. Sup. Ct.*,
  134 Cal. App. 4th 365 (2005) ................................................... 16

*Murphy v. Kenneth Cole Prods.*, Inc.,
  40 Cal. 4th 1094 (2007) ........................................................... 12

*Pineda v. Bank of America, N.A.*,
  50 Cal. 4th 1389 (2010) ....................................................... 13, 14

**Federal Statutes**

28 U.S.C. 1332(c)(1)........................................................................ 4

28 U.S.C. § 84(a) ........................................................................... 19

28 U.S.C. § 1332 ............................................................................. 6

28 U.S.C. § 1332(a) ......................................................................... 7

28 U.S.C. § 1332(c) ......................................................................... 1

28 U.S.C. § 1332(c)(1)...................................................................... 5

v

85224182v.1

28 U.S.C. § 1332(d) .............................................................................. 6, 19

28 U.S.C. § 1332(d)(2) ................................................................ 1, 3, 6, 19

28 U.S.C. § 1332(d)(2)(A) .............................................................................. 3

28 U.S.C. § 1332(d)(5)(B) .............................................................................. 3

28 U.S.C. § 1332(d)(6) .............................................................................. 3, 6

28 U.S.C. § 1367(a) .............................................................................. 19

28 U.S.C. § 1391(a) .............................................................................. 19

28 U.S.C. § 1441 .............................................................................. 19

28 U.S.C. § 1441(a) ................................................................ 1, 3, 6, 19

28 U.S.C. § 1446 .............................................................................. 1, 2

28 U.S.C. § 1446(b) .............................................................................. 2

28 U.S.C. § 1446(d) .............................................................................. 19

28 U.S.C. § 1453 .............................................................................. 1

Class Action Fairness Act of 2005 ............................................................ *passim*

Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at
    28 U.S.C. § 1446(c)(2) (emphasis added)) .................................................. 7

**State Statutes**

Cal. Bus. & Prof. Code § 17200 .............................................................. 13

Cal. Bus. & Prof. Code § 17208 .............................................................. 13

Cal. Civ. Proc. Code § 338, subd.(a) (Stats.1935, ch. 581, § 1, p. 1673) ................. 15

Cal. Civ. Proc. Code § 340(a) .............................................................. 16

Cal. Civ. Proc. Code § 415.10 .............................................................. 2

Cal. Lab. Code § 201 ................................................................ 14, 15

Cal. Lab. Code § 202 ................................................................ 14, 15

vi

85224182v.1

Cal. Lab. Code § 203 .................................................................................. 14, 15

Cal. Lab. Code § 226 .................................................................................. 15, 16

Cal. Lab. Code § 226.7 ...................................................................................... 12

California's Unfair Competition Law .................................................................. 3

**Regulations**

Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005),
    *reprinted in* 2005 U.S.C.C.A.N. 3, 40 .......................................................... 6

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85224182v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF, FRANCISCO BELLO, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants The American Bottling Company ("ABC"), Keurig Dr Pepper Inc. ("KDP"), and Taylor Marcus ("Marcus") (collectively "Defendants") file this Notice of Removal, pursuant to 28 U.S.C. §§ 1332(c), 1332(d)(2), 1441(a), 1446, and 1453, to effectuate the removal of the above-captioned action from the Superior Court for the County of San Joaquin to the United States District Court for the Eastern District of California.

This Court has original jurisdiction under 28 U.S.C. §§ 1332(c), (d)(2) – the Class Action Fairness Act of 2005 ("CAFA").  Removal is proper for the following reasons:

**I.    BACKGROUND**

1.    On June 23, 2022, Plaintiff Francisco Bello ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of San Joaquin, entitled *Francisco Bello v. The American Bottling Company; Keurig Dr Pepper Inc.; Taylor Marcus; and DOES 1 through 100, inclusive*, Case No. STK-CV-UOE-2022-5279 ("Complaint").

2.    On June 27, 2022, ABC's registered agent for service of process in California received, via process server, the Summons; Complaint; Notice of Case Assignment and Notice of Hearing; and Civil Case Cover Sheet.  A true and correct copy of the documents received by ABC on June 27, 2022 is attached hereto as **Exhibit A**.  A true and correct copy of the Service of Process Notification from CT Corporation is attached hereto as **Exhibit B.**

3.    ABC has not filed or received any other pleadings or papers, other than the pleadings described as Exhibit A, in this action prior to this Notice of Removal.

**II.    TIMELINESS OF REMOVAL**

4.    The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting

1

forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

5.      The service of process which triggers the 30-day period to remove is governed by state law.  *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

6.      This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint, by personal service on ABC's agent for service of process, on June 27, 2022.  (Ex. B.)  Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served.  Service of a summons in this manner is deemed complete at the time of such delivery."); 28 U.S.C. § 1446(b).  Thirty (30) days from the service of the Complaint on ABC on June 27, 2022 is July 27, 2022.

7.      Plaintiff asserts eight causes of action in his Complaint against Defendants: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide rest periods; (4) failure to provide meal periods; (5) failure to timely pay wages upon separation of employment; (6) failure to provide accurate wage statements; (7) failure to timely pay wages during employment; and (8) violation of the Unfair Competition Law.  (Ex. A, Complaint.)

8.      The Complaint seeks to certify a class of "[a]ll current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class."  (Ex. A, Complaint, ¶ 21.)

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85224182v.1

9.      Accordingly, for purposes of the calculations in this Notice of Removal, the relevant time period starting "four (4) years preceding the filing of Plaintiff's Complaint" is from **June 23, 2018** until the present.

## III.   CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL

10.     This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. Section 1332(d)(2).  As set forth below, this action is properly removable, pursuant to 28 U.S.C. Section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a defendant.  28 U.S.C. §§ 1332(d)(2) & (d)(6).  Furthermore, the number of putative class members is greater than 100.  28 U.S.C. § 1332(d)(5)(B); Declaration of John Tynan in Support of Defendants' Notice of Removal ("Tynan Decl."), ¶ 8.

### A.      Plaintiff And Defendants Are Minimally Diverse

11.     CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. § 1332(d)(2)(A).

#### 1.      Plaintiff Is A Citizen Of California

12.     For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state").  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of*

3

*Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

13.     Plaintiff alleges that he resides in the State of California.  (Ex. A, Complaint, ¶ 2) ("Plaintiff Francisco Bello is a resident of the State of California.")  In his employment files, Plaintiff listed his home address as being in Turlock, California. (Tynan Decl., ¶ 4.)  Plaintiff's intent to remain domiciled in California is further evident from the fact that he brought his lawsuit against Defendants in San Joaquin County Superior Court.  Accordingly, Plaintiff is a citizen of California.

### 2.     ABC and KDP Are Not Citizens Of California

14.     Defendants ABC and KDP (collectively, "Defendants") are not now, nor were at the time this action commenced, citizens of the State of California.  Rather, they are and were citizens of Delaware, Massachusetts, and Texas.  For diversity purposes, a "corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)); *Castanon v. Int'l Paper Co.*, 2016 WL 589853, at *2 (C.D. Cal. February 11, 2016).  Under the "nerve center" test, the principal place of business is the state where the "officers direct, control, and coordinate" the corporation's activities and where the corporation maintains its headquarters:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'  **And in practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'**

*Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

4

85224182v.1

15. Defendants are incorporated under the laws of the State of Delaware. (Tynan Decl., ¶ 5.)

16. KDP's principal place of business and headquarters are in both Burlington, Massachusetts and Frisco, Texas. (Tynan Decl., ¶ 6.) KDP's high-level officers direct, control, and coordinate corporate activities from these dual headquarters. (*Id.*) Additionally, the majority of KDP's executive and administrative functions are directed from Massachusetts and Texas, including corporate finance, accounting, purchasing, marketing, and information systems. (*Id.*) Accordingly, KDP was at the time this action was commenced, and remains today, a citizen of the States of Delaware, Texas, and Massachusetts within the meaning of 28 U.S.C. section 1332(c)(1), and not a citizen of the State of California.

17. ABC's principal place of business and headquarters is in Frisco, Texas. (Tynan Decl., ¶ 7.) ABC's high-level officers direct, control, and coordinate corporate activities from Frisco, Texas. (*Id.*) Additionally, the majority of ABC's executive and administrative functions are directed from Texas, including corporate finance, accounting, purchasing, marketing, and information systems. (*Id.*) Accordingly, ABC was at the time this action was commenced, and remains today, citizens of the States of Delaware and Texas within the meaning of 28 U.S.C. section 1332(c)(1), and not citizens of the State of California.

18. **Doe Defendants.** Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant"). Indeed, the presence of "DOE" defendants in this case has no bearing on diversity of citizenship for removal. Thus, the existence of "DOES 1-50" in the Complaint does not

1  deprive this Court of jurisdiction. *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80

2  (9th Cir. 2006) (rule applied in CAFA removal).

3  **B.    The Amount In Controversy Exceeds The Statutory Minimum**

4  19.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive

5  of interest and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual

6  members in a class action are aggregated to determine if the amount in controversy

7  exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress

8  intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter

9  in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the

10  viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages,

11  injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No.

12  109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.  The Senate Judiciary

13  Committee's Report on the final version of CAFA also makes clear that any doubts

14  regarding the maintenance of interstate class actions in state or federal court should be

15  resolved in favor of federal jurisdiction.  *Id*. at 42-43 ("if a federal court is uncertain

16  about whether 'all matters in controversy' in a purposed class action 'do not in the

17  aggregate exceed the sum or value of $5,000,000, the court should err in favor of

18  exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to

19  expand substantially federal court jurisdiction over class actions.  Its provision should be

20  read broadly, with a strong preference that interstate class actions should be heard in a

21  federal court if properly removed by any defendant.").

22  20.    **Preponderance Of The Evidence Standard.**  Plaintiff's Complaint does

23  not allege the amount in controversy for the class he purports to represent.  Where a

24  complaint does not allege a specific amount in damages, the removing defendant bears

25  the burden of proving by a **preponderance of the evidence** that the amount in

26  controversy exceeds the statutory minimum.  In *Standard Fire Ins. Co. v. Knowles*, 568

27  U.S. 588 (2013), the U.S. Supreme Court held that the proper burden of proof imposed

28  upon a defendant to establish the amount in controversy is the preponderance of the

85224182v.1

evidence standard.  *Accord Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

21.    In 2011, Congress amended the federal removal statute to specify that, where the underlying state practice "permits recovery of damages in excess of the amount demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the *preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a)."  Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord Abrego*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy … we therefore apply the preponderance of the evidence burden of proof to the removing defendant").  The defendant must show that it is "more likely than not" that the jurisdictional threshold is met.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount"); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

22.    To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to

7

persist, we reaffirm three principles that apply in CAFA removal cases.  First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite ... amount'") (emphasis added).

23.     The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

24.     It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged."  *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

25.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

85224182v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

26.   **The Court Should Assume A 100% Violation Rate Based On Plaintiff's Class-Wide Allegations.**  If a plaintiff asserts statutory violations, the court should assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.  She did not.

*Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Wheatley v. MasterBrand Cabinets*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) ("Defendant and the Court must rely on assumptions regarding the rate of the alleged violations … Plaintiff does not allege that some putative class members were subject to distinct policies.  The Court therefore finds the assumption that uniform … policies were applied to **all** putative class members reasonable") (emphasis added); *Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendant's 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v. The Finish Line*, 2014 WL 6982571, *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149

9

(C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation").

27.     Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate.  *See Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3-5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice – or other similar language – and where the plaintiff offers no evidence rebutting this violation rate"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio, LLC*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017)

("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

28.    The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000.  The Complaint seeks to certify a class of "[a]ll current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class."  (Ex. A, Complaint, ¶ 21.) Accordingly, for purposes of the calculations in this Notice of Removal, the relevant time period starting "four (4) years preceding the filing of Plaintiff's Complaint" is from **June 23, 2018** until the present.

29.    During the relevant time period identified in the Complaint, ABC employed approximately 4,934 non-exempt hourly employees in California, who worked a total of approximately 411,412 workweeks.  (Tynan Decl., ¶¶ 8, 10.)  The average rate of pay for non-exempt employees was approximately $20.48 per hour.  (Tynan Decl., ¶ 9.)

30.    Plaintiff seeks to recover, on behalf of himself and the alleged class, unpaid wages and penalties for Defendants' alleged failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to pay all wages due during employment, failure to pay all wages due upon resignation or termination of employment, failure to provide accurate and complete itemized wage statements, unreimbursed business expenses, failure to maintain accurate employment records, and unfair business practices. (Ex. A, Complaint.)  Plaintiff also seeks attorneys' fees and costs.  (Ex. A, Complaint, Prayer for Relief.)

31.    As set forth below, the alleged amount in controversy implicated by the class-wide allegations exceeds $5,000,000.  **All calculations supporting the amount in**

11

85224182v.1

1  controversy are based on the Complaint's allegations, assuming, without any

2  admission of the truth of the facts alleged and assuming solely for purposes of this

3  Notice of Removal that liability is established.

4      32.     The calculations below show that the alleged amount in controversy exceeds

5  $5,000,000, when considering non-exempt employees, such as Plaintiff, and when

6  considering just a few of the causes of action alleged in the Complaint.

7                    **1.      Meal and Rest Period Claims**

8      33.     Plaintiff seeks payments for alleged denial of or missed or interrupted meal

9  periods and rest periods.  (Ex. A, Complaint, ¶¶ 44-59.)  Plaintiff claims that "Defendants

10  failed to provide one (1) additional hour of pay at the Class Member's regular rate of

11  compensation on the occasions that Class Members were not provided compliant meal

12  periods." (Ex. A, Complaint, ¶ 48.)  *See also* Ex. A, Complaint, ¶ 56 (same allegation for

13  rest period claim).

14      34.     The statute of limitations for recovery for meal or rest period premium pay

15  under California Labor Code section 226.7 pay is three years.  *Murphy v. Kenneth Cole*

16  *Prods.*, Inc., 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code

17  section 226.7 constitutes a wage or premium pay and is governed by a three-year statute

18  of limitations.").  However, Plaintiff alleges a claim for meal and rest break premiums

19  pay as part of his unfair competition claim under Business and Professions Code section

20  17200, *et seq*.  (Ex. A, Complaint, ¶ 84.)  Although Defendants contend that meal and

21  rest break premium pay cannot be recovered under Business and Professions Code

22  section 17200 (*Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1401 (2010)),

23  according to the allegations of Plaintiff's Complaint, the four-year statute of limitations

24  applies for purposes of removal.  Cal. Bus. & Prof. Code § 17208.  Thus, for determining

25  the amount in controversy, the four-year statute of limitations applies.

26      35.     Plaintiff is silent as to the amount of alleged meal periods or rest periods he

27  claims to have been denied, thereby precluding precise estimates of the amount in

28  controversy.  All that Plaintiff alleges, without any specificity, is that "[f]or at least four

(4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, filed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period ...." (Ex. A, Complaint, ¶ 14.)  *See also* Ex. A, Complaint, ¶ 15 ("[f]or at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction there of ...."

36.   Defendants will conservatively assume that putative class members were not provided **one meal period and one rest period each workweek**.  Plaintiff does not limit the number of violations alleged in his Complaint, nor has he offered any evidence that he or other putative class members missed less than ne legally required meal and rest breaks per week.

37.   As stated above, during the relevant time period identified in the Complaint, ABC employed approximately 4,934 non-exempt hourly employees in California, who worked a total of approximately 411,412 workweeks.  (Tynan Decl., ¶¶ 8, 10.)  The average hourly rate of pay for these individuals is approximately $20.48.  (Tynan Decl., ¶ 9.)

38.   Although Defendants deny that Plaintiff (or any putative class member) is entitled to any meal or rest period premium payments, assuming **just one meal period violation per week** for each putative class member, the amount in controversy for the meal period claim alone would be approximately **$8,425,717.76** [(411,412 workweeks) × ($20.48 per hour) × (1 premium payment per week)].  Assuming **just one rest period violation per week** for each putative class member, the amount in controversy for the rest period claim alone would also be approximately **$8,425,717.76** [(411,412 workweeks) × ($20.48 per hour) × (1 premium payment per week)].  Accordingly, the amount in controversy on Plaintiff's meal and rest period claims when assuming just one meal and rest period violation per week is approximately **$16,851,435.52**.

### 2.   Waiting Time Penalties

13

85224182v.1

39.     Plaintiff's Complaint also alleges that "Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages and premium wages."  (Ex. A, Complaint, ¶ 16.)

40.     On these grounds, Plaintiff claims that "[p]ursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of third (30) days."  (Ex. A, Complaint, ¶ 65.)  Under California Labor Code § 203, a discharged employee is entitled to penalties of up to 30 days' pay at his or her regular pay.  *See* Cal. Lab. Code § 203(a) ("If an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days").

41.     The statute of limitations period for California Labor Code § 203 penalties extends back only three years from the date of filing of the complaint, or June 23, 2019.  *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1399 (2010) ("if an employer failed to timely pay final wages to an employee who quit or was fired, the employee would have had one year to sue for the section 203 penalties but, under Code of Civil Procedure section 338, subdivision (a) (Stats. 1935, ch. 581, § 1, p. 1673), three years to sue for the unpaid final wages giving rise to the penalty").

42.     It is also reasonable to assume that each employee waited over 30 days for payment of any allegedly unpaid wages.  *See Tajonar v. Echosphere*, LLC, 2015 WL 4064642, at *4-5 (S.D. Cal. July 2, 2015) (finding reasonable the defendant-employer's assumption that each employee was entitled to the maximum thirty-day penalty); *Byrd v. Masonite Corp.*, 2016 WL 2593912, at *3 (C.D. Cal. May 5, 2016) ("[I]t is not unreasonable for [defendant] to assume that each employee would be entitled to the maximum wage penalty – thirty days – for waiting time violations").  *See also* Ex. A,

14

Complaint, ¶ 102 (claiming that Defendants "have failed to pay those sums for thirty days thereafter as required by Labor Code sections 201 through 203.")

43.     During the relevant three-year time period for waiting time penalties, from June 23, 2019 to the present, there were a total of approximately 2,001 non-exempt hourly employees who were terminated from employment with ABC in California. (Tynan Decl., ¶ 11.)

44.     Although Defendants dispute liability, a reasonable estimate of the amount in controversy for waiting time penalties is **$9,835,315.20** [$20.48/hour × 8 hours/day × 30 days × 2,001 former hourly employees].

### 3.     Wage Statement Penalties

45.     Plaintiff's Complaint alleges that "Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hour worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate." (Ex. A, Complaint, ¶ 71.)

46.     Labor Code § 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee.  The statute of limitations for recovery of penalties under Labor Code § 226 is one year.  *Caliber Bodyworks, Inc. v. Sup. Ct*., 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a).  Plaintiff filed his Complaint on November 2, 2021.  Therefore, the statutory period for a claim under California Labor Code § 226 runs from June 23, 2021 to the present.

47.     Most non-exempt employees are paid weekly.  (Tynan Decl., ¶ 12.)

48.     During the period of June 3, 2021, there were approximately 2,811 hourly, non-exempt employees who worked for Defendants, who worked approximately 111,001

15

85224182v.1

pay periods during this time period.  (Tynan Decl., ¶ 12.)  The amount in controversy for Plaintiff's wage statement claim is approximately **$8,320,900**.  (*Id.*)

### 4.    Approximate Aggregate Amount In Controversy

49.    Although Defendants deny Plaintiff's allegations that he or the putative class are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for the putative class for all asserted claims, exclusive of attorneys' fees, is approximately **$35,007,650.72**, calculated as follows:

| | |
|---|---|
| **$8,425,717.76** | Meal Period Claim (Assuming Just 1 Meal Period Violation Per Workweek) |
| **$8,425,717.76** | Rest Period Claim (Assuming Just 1 Rest Period Violation Per Workweek) |
| **$9,835,315.20** | Waiting Time Penalties |
| **$8,320,900** | Wage Statement Penalties |

50.    The figures above do not take into account Plaintiff's claim for unpaid minimum wages and unpaid overtime wages.

### 5.    Attorneys' Fees

51.    Plaintiff also seeks attorneys' fees.  (Ex. A, Complaint, Prayer for Relief.)  Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy").

52.    A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy.  *Longmire v. HMS Host USA, Inc.*, 2012 WL

85224182v.1

5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady*, 243 F. Supp. 2d at 1010-11); *Muniz*, 2007 WL 1302504 at *4 (attorneys' fees appropriately included in determining amount in controversy).

53.     In a recent decision, the Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal – for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

54.     Indeed, the Ninth Circuit again very recently explicitly confirmed that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy," including in the context of determining CAFA jurisdiction and as a "principle[] that appl[ies] in CAFA removal cases." *Arias*, 936 F.3d at 922.

55.     In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted.  *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding that an estimate of attorney's fees of 25% reasonable); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]the 25% benchmark provides a

17

non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund).  Even under the conservative benchmark of 25 percent of the total amount in controversy for Plaintiff's claims, attorneys' fees alone would be upward of **$8,751,912.68** in this case [$35,007,650.72 amount in controversy × 0.25].

56.     Although Defendants deny Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and a conservative estimate based on those allegations, the total amount in controversy is at least **$43,759,563.40**, including attorneys' fees.  This total amount in controversy far exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

57.     Accordingly, because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2).  This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

85224182v.1

58.     To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

**IV.    VENUE**

59.     Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(a).  This action originally was brought in San Joaquin County Superior Court of the State of California, which is located within the Eastern District of California.  28 U.S.C. § 84(a).  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

60.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the San Joaquin County Superior Court of the State of California as required under 28 U.S.C. § 1446(d).

**V.    NOTICE TO STATE COURT AND TO PLAINTIFF**

61.     Defendants will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of San Joaquin.  The Notice of Removal is concurrently being served on all parties.

**VI.    PRAYER FOR REMOVAL**

62.     WHEREFORE, Defendants pray that this civil action be removed from Superior Court of the State of California for the County of San Joaquin to the United States District Court for the Eastern District of California.

DATED: July 27, 2022                              Respectfully submitted,

                                                  SEYFARTH SHAW LLP


                                                  By:  */s/ Daniel Whang*
                                                        Daniel C. Whang
                                                        Attorneys for Defendants The
                                                        American Bottling Company; Keurig
                                                        Dr Pepper Inc.; and Taylor Marcus

85224182v.1

# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

FILED SUM-100
~~BRANDON~~ ~~E. RILEY-STOCKTON~~ ~~CLERK~~
**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*
~~2022 JUN 23   AM 11: 34~~

BRANDON E. RILEY, CLERK

By **JESSICA CAYO**
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE AMERICAN BOTTLING COMPANY, a Delaware corporation; KEURIG DR. PEPPER INC. a Delaware corporation; TAYLOR MARCUS, an individual; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRANCISCO BELLO, an individual and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es)*: Superior Court of California County of San Joaquin – Stockton Courthouse 180 E Weber Ave, Stockton, California 95202 | CASE NUMBER: *(Número del Caso)*: STK-CV-UOE -2022- 5279 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bibiyan Law Group, P.C., David D. Bibiyan, 8484 Wilshire Blvd, Suite 500, Beverly Hills, California, 90211, 310-438-5555

| DATE: *(Fecha)* JUN 23 2022 | BRANDON E. RILEY | Clerk, by *(Secretario)* JESSICA CAYO | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* KEURIG DR. PEPPER INC., A DELAWARE CORPORATION

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>BIBIYAN LAW GROUP, P.C. David D. Bibiyan (Cal. Bar No. 287811)<br>8484 Wilshire Blvd , Suite 500, Beverly Hills, California 90211<br><br>TELEPHONE NO.: 310-438-5555   FAX NO. *(Optional):* 310-300-1705<br>E-MAIL ADDRESS: david@tomorrowlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff: FRANCISCO BELLO | FOR COURT USE ONLY<br><br>FILED<br>*······ ··· ···-STOCKTON*<br><br>*?'?? JUN 23  AM 11: 34*<br><br>*·····? ······LEY CLERK*<br><br>?Y JESSICA CAYO<br>*······* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E Weber Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, 95202
BRANCH NAME: San Joaquin Superior Court

CASE NAME:
BELLO v. THE AMERICAN BOTTLING COMPANY, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less)) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402)   JL<br>   DL | STK-CV-U0E-2022-_5279 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties    d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve          courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence          court
                                              f. [x] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 20, 2022
Joshua Shirian

         (TYPE OR PRINT NAME)                 ▶     */s/ Joshua Shirian*                     
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

FILED BY FAX

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties In Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. September 1, 2021]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

FILED
SUPERIOR COURT-STOCKTON

2022 JUN 23  AM 11: 35

BRANDI __ __ __ LEY CLERK
JESSICA CAYO

BY _____
DEPUTY

1 | **BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
2 | *david@tomorrowlaw.com*
Diego Aviles (Cal. Bar No. 315533)
3 | *diego@tomorrowlaw.com*
Joshua Shirian (Cal. Bar No. 341909)
4 | *josh@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
5 | Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705
6 |
7 | Attorneys for Plaintiff, FRANCISCO BELLO and
on behalf of himself and all others similarly situated

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SAN JOAQUIN**

10 | STK-CV-UOE-2022-5279

11 | FRANCISCO BELLO, an individual and on
behalf of all others similarly situated,
12 |

CASE NO.: _____

**CLASS ACTION COMPLAINT FOR:**

13 |

1. FAILURE TO PAY OVERTIME WAGES;

14 | Plaintiff,

2. FAILURE TO PAY MINIMUM WAGES;

15 | v.

3. FAILURE TO PROVIDE MEAL PERIODS;

16 | THE AMERICAN BOTTLING COMPANY,
a Delaware corporation; KEURIG DR.
PEPPER INC. a Delaware corporation;
17 | TAYLOR MARCUS, an individual; and
DOES 1 through 100, inclusive,
18 |

4. FAILURE TO PROVIDE REST PERIODS;

5. WAITING TIME PENALTIES;

19 | Defendants.

6. WAGE STATEMENT VIOLATIONS;

20 |

7. FAILURE TO TIMELY PAY WAGES;

21 |

8. UNFAIR COMPETITION.

22 |

**DEMAND FOR JURY TRIAL**

23 |

[Amount in Controversy Exceeds $25,000.00]

24 |

25 |

26 |

27 |

28 |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

CLASS ACTION COMPLAINT

FILED BY FAX

1   Plaintiff, Francisco Bello, on behalf of Plaintiff and all others similarly situated, alleges as

2   follows:

3   ### GENERAL ALLEGATIONS

4   ### INTRODUCTION

5   1.   This is a Class Action, pursuant to Code of Civil Procedure section 382, against The

6   American Bottling Company, and any of its respective subsidiaries or affiliated companies within

7   the State of California ("American Bottling"), Keurig Dr. Pepper Inc. ("Keurig") and any of its

8   respective subsidiaries or affiliated companies within the State of California, and Taylor Marcus

9   ("Marcus" and, with DOES 1 through 100, as further defined below, "Defendants") on behalf of

10   Plaintiff and all other current and former non-exempt California employees employed by or formerly

11   employed by Defendants ("Class Members").

12   ### PARTIES

13   **A.   Plaintiff**

14   2.   Plaintiff Francisco Bello is a resident of the State of California.  At all relevant times

15   herein, Plaintiff is informed and believes, and based thereon allege that Defendants employed

16   Plaintiff as a non-exempt employee, with duties that included, but were not limited to, driving and

17   unloading forklifts.  Plaintiff is informed and believes, and based thereon allege that Plaintiff worked

18   for Defendants from approximately September of 2021 through approximately December of 2021.

19   **B.   Defendants**

20   3.   Plaintiff is informed and believes and based thereon allege that defendant American

21   Bottling is, and at all times relevant hereto was, a corporation organized and existing under and by

22   virtue of the laws of the State of Delaware and doing business in the County of San Joaquin, State

23   of California.

24   4.   Plaintiff is informed and believes and based thereon alleges that defendant Keurig is,

25   and at all times relevant hereto was, a corporation organized and existing under and by virtue of the

26   laws of the State of Delaware and doing business in the County of San Joaquin, State of California.

27   ///

28   ///

1    5.    Plaintiff is informed and believes and based thereon alleges that defendant Marcus

2  is, and at all times relevant hereto was, an individual residing in California, as well as Senior Vice

3  President for American Bottling and Keurig, and DOES 1 through 100, as further defined below.

4    6.    The true names and capacities, whether individual, corporate, associate, or otherwise,

5  of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

6  who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

7  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

8  herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.

9  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

10  the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is

11  informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent

12  to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or

13  policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the

14  other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall

15  include American Bottling, Keurig, and any of their parent, subsidiary, or affiliated companies

16  within the State of California, as well as Marcus and DOES 1 through 100 identified herein.

17                              **JOINT LIABILITY ALLEGATIONS**

18    7.    Plaintiff is informed and believes and based thereon alleges that all the times

19  mentioned herein, each of the Defendants was the agent, principal, employee, employer,

20  representative, joint venture or co-conspirator of each of the other defendants, either actually or

21  ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

22  employment, joint venture, and conspiracy.

23    8.    All of the acts and conduct described herein of each and every corporate defendant

24  was duly authorized, ordered, and directed by the respective and collective defendant corporate

25  employers, and the officers and management-level employees of said corporate employers.  In

26  addition thereto, said corporate employers participated in the aforementioned acts and conduct of

27  their said employees, agents, and representatives, and each of them; and upon completion of the

28  aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant

1   corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,

2   acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the

3   aforementioned corporate employees, agents and representatives.

4      9.      As a result of the aforementioned facts, Plaintiff is informed and believes, and based

5   thereon alleges that Defendants, and each of them, are joint employers.

6                              **JURISDICTION**

7      10.     Jurisdiction exists in the Superior Court of the State of California pursuant to Code

8   of Civil Procedure section 410.10.

9      11.     Venue is proper in San Joaquin County, California pursuant to Code of Civil

10  Procedure sections 392, et seq. because, among other things, San Joaquin County is where the causes

11  of action complained of herein arose; the county in which the employment relationship began; the

12  county in which performance of the employment contract, or part of it, between Plaintiff and

13  Defendants was due to be performed; the county in which the employment contract, or part of it,

14  between Plaintiff and Defendants was actually performed; and the county in which Defendants, or

15  some of them, reside.  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff

16  and Class Members in San Joaquin County, and because Defendants employ numerous Class

17  Members in San Joaquin County.

18                          **FACTUAL BACKGROUND**

19     12.     For at least four (4) years prior to the filing of this action and continuing to the

20  present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or

21  some of them, in violation of California state wage and hour laws as a result of, without limitation,

22  Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and

23  seven consecutive work days in a work week without being properly compensated for hours worked

24  in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

25  worked on the seventh consecutive work day in a work week by, among other things, failing to

26  accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the

27  detriment of Plaintiff and Class Members.

28  / / /

13.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

14.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

15.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

16.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages and premium wages.   .

17.     For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate and other such information as required by Labor Code section 226, subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

1   18.      For at least one (1) year prior to the filing of this action and continuing to the present,

2   Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full

3   amount of their wages for labor performed in a timely fashion as required under Labor Code section

4   204.

5   19.      Plaintiff, on their own behalf and on behalf of Class Members, brings this action

6   pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7,

7   510, 512, 1194, 1194.2, 1197 and California Code of Regulations, Title 8, section 11040, seeking

8   overtime wages, minimum wages, payment of premium wages for missed meal and rest periods,

9   failure to pay timely wages, waiting time penalties, wage statement penalties, other such provisions

10   of California law, and reasonable attorneys' fees and costs.

11   20.      Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to

12   Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)

13   prohibiting Defendants from further violating the Labor Code and requiring the establishment of

14   appropriate and effective means to prevent further violations, as well as all monies owed but

15   withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as

16   restitution of amounts owed.

17   **CLASS ACTION ALLEGATIONS**

18   21.      Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action

19   pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current

20   and former non-exempt employees of Defendants within the State of California at any time

21   commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice

22   of the class action is provided to the class (collectively referred to as "Class Members").

23   22.      Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b)

24   to amend or modify the class description with greater specificity, further divide the defined class

25   into subclasses, and to further specify or limit the issues for which certification is sought.

26   23.      This action has been brought and may properly be maintained as a class action under

27   the provisions of Code of Civil Procedure section 382 because there is a well-defined community

28   of interest in the litigation and the proposed Class is easily ascertainable.

**A.**  <u>**Numerosity**</u>

24.       The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

25.       Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.**  <u>**Commonality**</u>

26.       There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

> A.   Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?
>
> B.   Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?
>
> C.   Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?
>
> D.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?
>
> E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?
>
> F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?
>
> G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

/ / /

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.   Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

L.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

M.   Are Class Members entitled to costs and attorneys' fees?

N.   Are Class Members entitled to interest?

**C.    Typicality**

27.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

28.    Plaintiff will fairly and adequately represent and protect the interest of Class Members.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.    Superiority of Class Action**

29.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the

1 | violation of the Labor Code at times, as set out herein.

2 | 30. Class action treatment will allow Class Members to litigate their claims in a manner 3 | that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of 4 | any difficulties that are likely to be encountered in the management of this action that would 5 | preclude its maintenance as a class action.

6 | **FIRST CAUSE OF ACTION**

7 | **(Failure to Pay Overtime Wages – Against All Defendants)**

8 | 31. Plaintiff realleges and incorporates by reference all of the allegations contained in 9 | the preceding paragraphs as though fully set forth hereat.

10 | 32. At all relevant times, Plaintiff and Class Members were employees or former 11 | employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable 12 | Wage Orders.

13 | 33. At all times relevant to this Complaint, Labor Code section 510 was in effect and 14 | provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in 15 | one workday and any work in excess of forty hours in any one workweek . . . shall be compensated 16 | at the rate of no less than one and one-half times the regular rate of pay for an employee."

17 | 34. At all times relevant to this Complaint, Labor Code section 510 further provided that 18 | "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice 19 | the regular rate of pay for an employee. In addition, any work in excess of eight hours on any 20 | seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of 21 | pay."

22 | 35. Four (4) years prior to the filing of the Complaint in this Action through the present, 23 | Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more 24 | than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) 25 | consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a 26 | result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours 27 | actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

28 | / / /

36.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

37.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

38.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

39.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

40.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

41.     For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

42.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

43.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated

1   damages, reasonable attorneys' fees and costs of suit.

2   **THIRD CAUSE OF ACTION**

3   **(Failure to Provide Meal Periods – Against All Defendants)**

4   44.       Plaintiff realleges and incorporates by reference all of the allegations contained in
5   the preceding paragraphs as though fully set forth hereat.

6   45.       At all relevant times, Plaintiff and Class Members were employees or former
7   employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

8   46.       Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall
9   employ an employee for a work period of more than five (5) hours without a timely meal break of
10  not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.
11  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours
12  per day without providing the employee with a second timely meal period of not less than thirty (30)
13  minutes in which the employee is relieved of all of his or her duties.

14  47.       Pursuant to Labor Code section 226.7, if an employer fails to provide an employee
15  with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,
16  the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate
17  of compensation for each workday that the meal period is not provided.

18  48.       For four (4) years prior to the filing of the Complaint in this Action through the
19  present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-
20  free uninterrupted meal periods every five hours of work without waiving the right to take them, as
21  permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the
22  Class Member's regular rate of compensation on the occasions that Class Members were not
23  provided compliant meal periods.

24  49.       By their failure to provide Plaintiff and Class Members compliant meal periods as
25  contemplated by Labor Code section 512, among other California authorities, and failing, at times,
26  to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully
27  violated the provisions of Labor Code section 512 and applicable Wage Orders.

28  / / /

50.       As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

51.       Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

### (Failure to Provide Rest Periods – Against All Defendants)

52.       Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

53.       At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

54.       California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½ ) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

55.       Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

56.       For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 30-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class

1  Member's regular rate of compensation on the occasions that Class Members were not authorized
2  or permitted to take compliant rest periods.

3       57.      By their failure, at times, to authorize and permit Plaintiff and Class Members to take
4  rest periods contemplated by California law, and one (1) additional hour of pay at the employee's
5  regular rate of compensation for such unprovided rest periods, as alleged above, Defendants
6  willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

7       58.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
8  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay
9  owed for rest periods that they were not authorized or permitted to take.

10       59.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid
11  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus
12  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,
13  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

14  **FIFTH CAUSE OF ACTION**

15  **(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

16       60.      Plaintiff realleges and incorporates by reference all of the allegations contained in
17  the preceding paragraphs as though fully set forth hereat.

18       61.      At all relevant times, Plaintiff and Class Members were employees or former
19  employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable
20  Wage Orders.

21       62.      Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were
22  entitled upon termination to timely payment of all wages earned and unpaid prior to termination.
23  Discharged Class Members were entitled to payment of all wages earned and unpaid prior to
24  discharge immediately upon termination.  Class Members who resigned were entitled to payment
25  of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation
26  or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and
27  unpaid at the time of resignation.

28  / / /

1    63.    Plaintiff is informed and believes, and based thereon alleges, that in the three (3)

2    years before the filing of the Complaint in this Action through the present, Defendants, due to the

3    failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class

4    Members all wages earned prior to resignation or termination in accordance with Labor Code

5    sections 201 or 202.

6    64.    Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and

7    Class Members all wages earned prior to termination or resignation in accordance with Labor Code

8    sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff

9    and Class Members at the time of termination in accordance with Labor Code sections 201 and 202,

10   but intentionally adopted policies or practices incompatible with the requirements of Labor Code

11   sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination

12   or resignation.

13   65.    Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to

14   waiting time penalties from the date their earned and unpaid wages were due, upon termination or

15   resignation, until paid, up to a maximum of thirty (30) days.

16   66.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

17   suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

18   prior to termination or resignation.

19   67.    Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

20   1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

21   waiting time penalties, interest, and their costs of suit, as well.

22                                    **SIXTH CAUSE OF ACTION**

23          **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

24   68.    Plaintiff realleges and incorporates by reference all of the allegations contained in

25   the preceding paragraphs as though fully set forth hereat.

26   69.    At all relevant times, Plaintiff and Class Members were employees or former

27   employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

28   / / /

70.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

71.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

72.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

73.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

74.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

/ / /

75.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

### SEVENTH CAUSE OF ACTION

**(Failure to Timely Pay Wages During Employment – Against All Defendants)**

76.     Plaintiff reallege each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

77.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

78.     Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

79.     Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

80.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204.

///

///

81.     Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

82.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

## EIGHTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

83.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

84.     Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

85.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

86.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

87.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

### DEMAND FOR JURY TRIAL

88.     Plaintiff demands a trial by jury on all causes of action contained herein.

### PRAYER

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.   An order certifying this case as a Class Action;

B.   An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.   Damages for all wages earned and owed, including minimum and overtime wages, under Labor Code sections 510, 1194, 1197 and 1199;

D.   Liquidated damages pursuant to Labor Code section 1194.2;

E.   Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512 and 226.7;

F.   Penalties for inaccurate wage statements under Labor Code section 226, subdivision (e);

G.   Waiting time penalties under Labor Code section 203;

H.   Penalties to timely pay wages under Labor Code section 210;

I.   Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

J.   Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

K.   Prejudgment and post-judgment interest at the maximum rate allowed by law;

/ / /

/ / /

/ / /

18

L.   For attorneys' fees in prosecuting this action;

M.   For costs of suit incurred herein; and

N.   For such other and further relief as the Court deems just and proper.

Dated:  June 20, 2022

BIBIYAN LAW GROUP, P.C.

BY:   _____
     DAVID D. BIBIYAN
     JOSHUA SHIRIAN
     Attorneys for Plaintiff, FRANCISCO BELLO, on
     behalf of himself and all others similarly situated

CLASS ACTION COMPLAINT

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UOE-2022-0005279**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 12/20/2022 | Time: 8:45 AM Department:10B |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| **THIS CASE HAS BEEN ASSIGNED TO JUDGE ERIN GUY CASTILLO IN DEPARTMENT 10B FOR ALL PURPOSES, INCLUDING TRIAL** | **Stockton** | **Stockton: 209-992-5693**<br>**Lodi:      209-992-5522** |

[ **X** ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1.  You must:

     a.  **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

     b.  **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

     c.  **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

     d.  **Collection cases** are managed pursuant to CRC 3.740.

2.  Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3.  If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4.  Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 06/23/2022                                                  ___Jessica Cayo___ ,Deputy Clerk

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

# EXHIBIT B

Wolters Kluwer

CT Corporation
Service of Process Notification
06/27/2022
CT Log Number 541818174

## Service of Process Transmittal Summary

**TO:**   Stephen Cole
KEURIG DR PEPPER SNAPPLE GROUP
6425 HALL OF FAME LN
FRISCO, TX 75034-1954

**RE:**   **Process Served in California**

**FOR:**   Keurig Dr Pepper Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: FRANCISCO BELLO, an individual and on behalf of all others similarly situated, // To: Keurig Dr Pepper Inc. |
| **CASE #:** | STKCVUOE20225279 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/27/2022 at 01:13 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/27/2022, Expected Purge Date: 07/02/2022 |
| | Image SOP |
| | Email Notification, Janet Barrett  janet.barrett@kdrp.com |
| | Email Notification, Stephen Cole  stephen.cole@kdrp.com |
| | Email Notification, INGA HARRISON  inga.harrison@kdrp.com |
| | Email Notification, Lauren Timmons  lauren.timmons@kdrp.com |
| | Email Notification, Indira Wanser  indira.wanser@kdrp.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA          )
                             )  SS
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California  90067-3021.  On July 27, 2022, I served the within document(s):

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

David D. Bibiyan                    Attorneys for Plaintiff
Diego Aviles                        FRANCISCO BELLO
Joshua Shirian
BIBIYAN LAW GROUP, P.C.             Email: david@tomorrowlaw.com;
8484 Wilshire Blvd., Suite 500      diego@tomorrowlaw.com;
Beverly Hills, CA 90211             josh@tomorrowlaw.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 27, 2022, at Los Angeles, California.

*/s/ Paulin Kim*
Paulin Kim

CERTIFICATE OF SERVICE

85292387v.1